UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ARLENE CAMPBELL, | Case No. 13-cv-04110 NC |
|---|---|
| Plaintiff, | **REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO DISMISS COMPLAINT** |
| v. | |
| CENTERSTONE PROPERTY AND MANAGEMENT; STELLA ARNOLD, | Re: Dkt. Nos. 1, 2 |
| Defendants. | |

Pro se plaintiff Arlene Campbell requests permission to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. Dkt. No. 2. As the undersigned Magistrate Judge does not have the authority to make a dispositive ruling in this case because the parties have not consented to jurisdiction under 28 U.S.C. § 636(c), the undersigned orders that this case be REASSIGNED to a District Judge. The undersigned further RECOMMENDS that the District Court grant Campbell's IFP application and dismiss her complaint with leave to amend under 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction, and because the complaint is frivolous and fails to state a claim upon which relief can be granted.

## I. BACKGROUND

Campbell initiated this action by filing a complaint titled "Discrimination and Intimidation of a Disabled Person" and naming as defendants Centerstone Property and

1  Management and Stella Arnold.  Dkt. No. 1 at 1.  The complaint, which consists of one
2  handwritten page states in full: "Please consider this; a small business organization and
3  other tenants are being discriminated against in an abusive action of Centerstone Property
4  Management 1965 Market Street, SF, CA. 94103 abusing by discrimination and
5  intimidation of a small business Arlene Campbell a small business government operating at
6  992 Peralta, 968 Peralta, 980 Peralta, 992 Peralta, 930 Peralta, 980 Peralta SF, CA. 94103."
7  *Id.*

8  The complaint attaches a document titled "Temporary Business Registration
9  Certificate" by the Office of the Treasurer and Tax Collector of the City and County of San
10 Francisco, showing an expiration date of October 5, 2013.  *Id.* at 2.  The document lists
11 Arlene Campbell as the owner of a business, "DBA: Wild Garden."  *Id.*  Campbell's IFP
12 application states that she is employed by Wild Garden, a "volunteer organization."  Dkt.
13 No. 2 at 1.

14 Campbell has not indicated whether she consents to a magistrate judge's jurisdiction.
15 The Court ordered Campbell to file a consent or declination form by January 21, 2014.
16 Campbell did not respond and also failed to appear at the initial case management
17 conference on January 22, 2014.

18                    **II. STANDARD OF REVIEW**

19 Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the
20 commencement . . . of any suit . . . without prepayment of fees or security therefor, by a
21 person who submits an affidavit that includes a statement . . . that the person is unable to
22 pay such fees or give security therefor."  A district court must dismiss the complaint of an
23 IFP applicant if it determines that the complaint is frivolous or fails to state a claim upon
24 which relief can be granted.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122,
25 1126-27 (9th Cir. 2000).  A complaint is frivolous for purposes of 28 U.S.C. § 1915 if it
26 lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325
27 (1989). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of
28 process, so as to spare prospective defendants the inconvenience and expense of answering

such complaints." *Neitzke*, 490 U.S. at 324.

Further, district courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). In most cases, original federal subject matter jurisdiction may be premised on two grounds: (1) diversity jurisdiction, or (2) federal question jurisdiction. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizen of a State or of different States." 28 U.S.C. § 1332.

District courts also have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted). Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009).

Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B), the pro se litigant "must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### III. DISCUSSION

Campbell has shown in her IFP application, Dkt. No. 2, that she is unable to pay the filing fee required to file a complaint in district court. However, her complaint must be dismissed for several reasons.

First, the complaint is almost completely devoid of any factual allegations and is thus insufficient to demonstrate that this Court has subject matter jurisdiction over this case. On the civil cover sheet, Campbell has checked boxes indicating that the basis for jurisdiction is that the United States Government is a plaintiff. Dkt. No. 1-1. However, as the Court held in another case filed by Campbell in this District, "[c]hecking boxes on the civil cover sheet is not a substitute for alleging facts establishing jurisdiction in a complaint." *Campbell v. Handlery Union Square Hotel*, No. 12-cv-02466 MEJ, 2012 WL 3158840, at *2 (N.D. Cal. Aug. 2, 2012) (citation omitted).[1] The complaint here contains no support for the assertion that the United States Government is a plaintiff in this action.

Furthermore, the complaint fails to allege the citizenship of all relevant parties for diversity purposes or the amount in controversy. It appears based on the civil cover sheet that Campbell is not contending that this Court has subject matter jurisdiction based on diversity, as she has checked boxes indicating that all parties are citizens of California and are incorporated or have their principal place of business in California. Dkt. No. 1-1. Nor has Campbell alleged that any defendant has violated her federal rights. While Campbell has checked a box on the civil cover sheet describing the nature of the suit as "Other Civil Rights," Dkt. No. 1-1, she does not refer to any federal law and fails to identify any constitutional or statutory basis for her claims. The complaint therefore does not demonstrate a basis for either diversity or federal question jurisdiction.

Second, it is unclear from the complaint whether Campbell is asserting a claim on behalf of herself or other persons or entities. Article III of the Constitution of the United

---

[1] In addition to the *Handlery* case and the current action, the Court is aware of seven other cases filed by Arlene Campbell in this District. *See Campbell v. Supervisors for the City and County of San Francis*, No. 02-cv-05721 PJH (dismissed for failure to state a claim and lack of subject matter jurisdiction); *Campbell v. City of San Francisco, et al.*, No. 07-cv-03856 SBA (dismissed under 28 U.S.C. § 1915(e)(2)); *Campbell v. San Francisco California City Hall Supervisors*, No. 09-cv-02094 SBA (dismissed under 28 U.S.C. § 1915(e)(2)); *Campbell v. The City & County Supervisors, et al.*, No. 09-cv-02390 SBA (dismissed under 28 U.S.C. § 1915(e)(2)); *Campbell, et al. v. International Union of Bricklayers and Allied Craftworkers*, No. 09-cv-05493 VRW (dismissed for failure to prosecute); *Campbell v. Haag*, No. 12-cv-03727 JCS (dismissed under 28 U.S.C. § 1915(e)(2)); *Campbell v. City of San Francisco, et al.*, No. 07-cv-03856 SBA (dismissed under 28 U.S.C. § 1915(e)(2)).

Case No. 13-cv-04110 NC
REFERRAL FOR REASSIGNMENT 4
WITH RECOMMENDATION

States limits the jurisdiction of the federal courts to "Cases" and "Controversies" which requires plaintiff to have suffered "an 'injury in fact'—an invasion of a legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992). In the absence of such an injury, this action must be dismissed for lack of standing. Furthermore, while there are certain limited exceptions, "[i]n the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991) (citations omitted). Accordingly, Campbell must allege facts showing that she has suffered an injury as a result of defendants' actions. She must also allege facts showing that she is entitled to bring this suit on behalf of any third parties whose claims she is asserting in the complaint.

Third, while the complaint makes a vague reference to "discrimination and intimidation," it is impossible to determine what the conduct is that constitutes the basis for the alleged discrimination and intimidation, or why it is legally actionable. The complaint also does not allege facts showing each defendant's involvement in the challenged conduct, or the harm or injury that Campbell claims she suffered from that conduct. She also fails to allege the relief that she seeks from the Court. *See* Fed. R. Civ. P. 8(a) (complaint must contain "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief; and "a demand for the relief sought").

Accordingly, the undersigned Magistrate Judge recommends that the District Court dismiss Campbell's complaint under 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction, and because the complaint is frivolous and fails to state a claim upon which relief can be granted. However, given Campbell's pro se status and because it is not absolutely clear that the deficiencies of the complaint could not be cured by amendment, the undersigned recommends that the District Court allow Campbell an opportunity to file an amended complaint.

//

## IV. CONCLUSION

The undersigned Magistrate Judge RECOMMENDS that the District Court grant Campbell's IFP application. The undersigned further RECOMMENDS that the District Court dismiss Campbell's complaint without prejudice. The undersigned RECOMMENDS that the District Court permit Campbell twenty-eight days from the date her complaint is dismissed to file an amended complaint. If she fails to file an amended complaint within that time or files an amended complaint that fails to remedy the deficiencies identified in this order, the undersigned RECOMMENDS that the District Court dismiss this action with prejudice.

Any party may object to this recommendation within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b).

IT IS SO ORDERED.

Date: January 24, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge